UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | BANKRUPTCY CASE NO. |
| HALLWOOD ENERGY, L.P., ET AL., | ) | |
| | ) | 09-31253-SGJ-11 |
| Debtors. | ) | |
| -------------------------------------------------- | ) | |
| RAY BALESTRI, TRUSTEE OF THE | ) | |
| HALLWOOD ENERGY 1 CREDITORS' | ) | |
| CREDIT, | ) | |
| | ) | CIVIL ACTION NO. |
| Appellant, | ) | |
| | ) | 3:12-CV-1902-G |
| VS. | ) | |
| | ) | |
| HUNTON & WILLIAMS, LLP, ET AL., | ) | |
| | ) | |
| Appellees. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court are (1) the appellant's motion for leave to appeal the order denying the trustee's motion to reconsider the bankruptcy court's report and recommendation and the order denying the motion to remand (docket entry 1-1); and (2) the appellant's motion to certify an appeal of the reconsideration order for

direct appeal to the United States Court of Appeals for the Fifth Circuit (docket entry 2). For the reasons stated below, the motions are denied.

I. BACKGROUND

The appellant Ray Balestri (the "trustee") is the trustee of the Hallwood Energy I Creditors' Trust, a litigation trust formed in accordance with the confirmed plan of reorganization in the jointly-administered bankruptcy case of *In re Hallwood Energy, L.P., et al.*, Case No. 09-31253-SGJ-11, in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. *See* Motion to Certify Appeal of Reconsideration Order for Direct Appeal to the United States Court of Appeals for the Fifth Circuit ("Motion to Certify") at 1-2 ¶ 1 (docket entry 2). In July 2010, the trustee filed an action styled *Ray Balestri, Trustee of the Hallwood Energy I Creditors' Trust v. Anthony J. Gumbiner, et al.*, No. CC-10-05212-D, in the County Court at Law No. 4, Dallas County, Texas, against certain former officers, directors and counsel of the debtors in the underlying bankruptcy case. *See* Trustee's Motion for Leave to Appeal Order Denying Trustee's Motion to Reconsider Bankruptcy Court's Report and Recommendation and Order Denying Motion to Remand ("Motion") at 3 ¶ 4 (docket entry 1-1). These officers, directors, and counsel include Hunton & Williams, LLP, W. Alan Kailer, Andrew E. Jillson, and Michelle A. Mendez (the "attorney defendants"). *Id.* The attorney defendants were corporate

counsel to the debtor Hallwood Energy, L.P. ("Hallwood Energy") prior to the bankruptcy filing. *Id.*

On August 31, 2010, the attorney defendants removed this action to the bankruptcy court of the Northern District of Texas, commencing Adversary Proceeding No. 10-3263 (the "adversary proceeding"). *Id*. ¶ 5. On September 21, 2010, the trustee moved to remand the case (the "remand motion"), asserting that the claims in the adversary proceeding were not within the scope of the bankruptcy court's post-confirmation jurisdiction, since they involved solely state law causes of action for legal malpractice. *Id*. ¶ 6. On November 29, 2011, the attorney defendants filed a conditional motion to withdraw the reference (the "withdrawal motion"), proposing as an alternative to remand that the United States District Court for the Northern District of Texas (the "district court") enter final judgment in the adversary proceeding, with the bankruptcy court presiding over pre-trial matters. *Id.* at 4 ¶ 7.

On February 8, 2012, the bankruptcy court issued a recommendation to the district court on the withdrawal motion (the "withdrawal recommendation"). *Id.* at 5 ¶ 9. It proposed that the bankruptcy court should hear pre-trial matters, with the district court conducting any trial and entering any final judgment. *Id.* This recommendation was based on the bankruptcy court's belief that the claims against the attorney defendants were "heavily intertwined" with other claims then pending

against Hallwood Energy's bankruptcy counsel. *Id.* Although the bankruptcy court recognized that the claims against the attorney defendants were not core, it reasoned that there was a great degree of relatedness to the debtors' chapter 11 cases and other litigation in the bankruptcy court and that there would be great efficiency in keeping the lawsuit against the attorney defendants. *Id.*

On February 17, 2012, the bankruptcy court also entered an order denying the remand motion (the "remand denial"). *Id.* ¶ 10. On April 13, 2012, the trustee filed a motion with the bankruptcy court requesting that it reconsider both the withdrawal recommendation and the remand denial. *Id.* ¶ 11. This motion was premised on the fact that the trustee's adversary proceeding against the debtor's bankruptcy counsel had been settled and would not be tried by the bankruptcy court. *Id.* Given that the bankruptcy court's prior jurisdictional rulings in the adversary proceeding were substantially based on the presumption that the bankruptcy court would be trying the other proceeding against the debtor's bankruptcy counsel, the trustee argued that exceptional circumstances under Rule 60(b)(6) existed for reconsideration and relief from the withdrawal recommendation and the remand denial. *Id.* The bankruptcy court denied the trustee's motion for reconsideration on May 21, 2012 (the "reconsideration denial"). *Id.* at 6 ¶ 12.

The trustee subsequently filed in the district court two motions: (1) a motion for leave to appeal the bankruptcy court's reconsideration denial; and (2) a motion to

certify the trustee's appeal of the reconsideration denial to the Fifth Circuit.  *See generally* Motion and Motion to Certify.  These are the motions under consideration here.

## II. ANALYSIS

### A. Motion for Leave to Appeal

#### 1. *Legal Standard*

28 U.S.C. § 158(a)(3) gives the district court discretion to hear appeals "from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title."  The standard the district court applies in determining whether to exercise its discretion to grant leave is not articulated in the statute.  Courts in the Fifth Circuit, however, have applied 28 U.S.C. § 1292(b), the standard governing interlocutory appeals generally.  See, *e.g.*, *Ichinose v. Homer National Bank* (*In re Ichinose*), 946 F.2d 1169, 1177 (5th Cir. 1991); *Panda Energy International, Inc. v. Factory Mutual Insurance*, 2011 WL 610016, at *3 (N.D. Tex. Feb. 14, 2011) (Kinkeade, J.).  The section 1292(b) test requires consideration of whether the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . ." 28 U.S.C. § 1292(b).  Generally, interlocutory appeals are "sparingly granted" and reserved for "exceptional" cases.  See *Odle v. Wal-Mart Stores Inc.*, 2013 WL 66035, at

*2 (N.D. Tex. Jan. 7, 2013) (O'Connor, J.), citing *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985).  Furthermore, the decision whether to grant them is firmly within the district court's discretion.  *Panda Energy*, 2011 WL 610016 at *3, citing *Ryan v. Flowserve Corporation*, 444 F.Supp.2d 718, 722 (N.D. Tex. 2006) (Boyle, J.).

Relevant here, courts have found there is "substantial ground for difference of opinion" about the controlling law if

> 'a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'

*Ryan*, 444 F.Supp.2d at 723-24, quoting 4 Am. Jur. 2d *Appellate Review* § 128 (2005).

Furthermore, substantial ground for difference of opinion "must arise out of genuine doubt as to whether the Bankruptcy Court applied the correct legal standard" and "it is not sufficient that the relevant case law is less than clear or allegedly not in accord." *In re Enron Corporation*, 2006 WL 2548592, at *4 (S.D.N.Y. Sept. 5, 2006) (internal quotations omitted).

### 2. *Application*

The court agrees with the trustee that the post-confirmation jurisdictional question he wishes to appeal involves a controlling question of law, appeal from which may materially advance the termination of the litigation.  *See* Motion at 9-10

¶¶ 16, 18.  However, the court disagrees that the trustee's appeal involves a question of law on which there is "substantial ground for difference of opinion."

The trustee argues that "[t]he proper scope of post-confirmation jurisdiction poses an unsettled issue within this district (as well as the federal court system). Disagreements on the breadth and exercise of post confirmation jurisdiction abound." Motion at 9 ¶ 17.  However, as Judge Scheindlin noted in *In re Enron*, the mere fact that the relevant case law is "not in accord" is not enough to show "substantial ground for difference of opinion."  See *In re Enron*, 2006 WL 2548592 at *4.

In determining whether there is substantial ground for difference of opinion about the controlling law, courts have looked to whether there is doubt about the bankruptcy court's application of the proper standard.  *Id.*  In this case, there is no doubt (and no dispute from the trustee) that the bankruptcy court both identified and applied the proper standard governing post-confirmation jurisdiction, the standard set forth in the Fifth Circuit's *Craig's Stores* case.  See *In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 390 (5th Cir. 2001); *see also* Motion at 6 ¶ 12; *see also* Motion to Certify at 6 ¶ 11.  In addition, the trustee points to no "novel and difficult questions of first impression" that would create a need for immediate resolution in an interlocutory appeal.  See *Ryan*, 444 F.Supp.2d at 724.  The mere fact that application of the *Craig's Stores* standard has led to some varying results in case law, *see* Motion at 9 ¶ 17 and Motion to Certify at 3-5 ¶¶ 5-8, is not enough to suggest

there is "substantial ground for difference of opinion" that would justify this court interrupting the pre-trial procedures that are ongoing in the bankruptcy court. See *Ryan*, 444 F.Supp.2d at 729 (declining to find a substantial ground for difference of opinion about loss-causation pleading requirements, in spite of some variation in application of the standard articulated by the Supreme Court in the *Dura Pharmaceuticals* case). The trustee gives no other reason why this appeal creates the "exceptional" circumstance in which this court should exercise its discretion to hear an interlocutory appeal. See *Odle*, 2013 WL 66035 at *2.

For these reasons, the court will not exercise its discretion to grant the trustee leave to appeal the bankruptcy court's denial of its reconsideration motion.

B. Motion to Certify Appeal

1. *Legal Standard*

28 U.S.C. § 158(d)(2)(A) states that

> The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellant (if any) acting jointly, certify that --
>
> > (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;

- 8 -

> (ii) the judgment, order, or decree involves a
> question of law requiring resolution of
> conflicting decisions; or
>
> (iii) an immediate appeal from the judgment,
> order, or decree may materially advance the
> progress of the case or proceeding in which
> the appeal is taken;
>
> and if the court of appeals authorizes the direct appeal of
> the judgment, order, or decree.

28 U.S.C. § 158(d)(2)(A).

### 2. *Application*

The trustee argues that his appeal involves a question of law requiring resolution of conflicting decisions, though he does not specifically identify any question of law he wishes this court to certify to the Fifth Circuit.[1] *See* Motion to Certify at 2 ¶ 4. The trustee asserts that, although all bankruptcy courts agree that the governing jurisdictional standard is articulated in *Craig's Stores* (the bankruptcy court has post-confirmation jurisdiction of "matters pertaining to the implementation or execution of the plan"), there is a split of authority among Fifth Circuit courts regarding the precise application of this standard. *Id.* The trustee points to varying

---

[1] In the conclusion to his motion, the trustee highlights "the undeniably crucial question of which court has subject matter jurisdiction and when." *See* Motion to Certify at 7 ¶ 12. Such a broadly phrased "question" is inappropriate for certification. The trustee also points to the fact that bankruptcy and district courts in the Fifth Circuit sometimes inconsistently apply the standard articulated in the *Craig's Stores* opinion. *Id.* at 3-5 ¶¶ 5-8. Mere inconsistent application of a standard is not precise enough a "question of law", however, to certify for appeal to the circuit court.

decisions among the district and bankruptcy courts with regard to (1) whether the fact that litigation proceeds will be paid to creditors pursuant to a confirmation plan automatically confers post-confirmation jurisdiction on the bankruptcy court, *id.* at 3-4 ¶ 6; (2) whether the presence of a litigation trustee automatically confers post-confirmation jurisdiction on the bankruptcy court, *id.* at 4 ¶ 7; and (3) whether the mention of a cause of action in the plan of reorganization automatically confers post-confirmation jurisdiction on the bankruptcy court, *id.* at 5 ¶ 8.

The trustee's inability to point to a single precise question of law only emphasizes that he cannot demonstrate the decisions he cites are truly "conflicting." The application of a standard such as the Fifth Circuit has articulated in *Craig's Stores* is inherently a matter of judgment that will be influenced by a variety of factors. The court agrees with the trustee that none of the factors he cites (litigation proceeds, a litigation trustee, the mention of a cause of action in the plan) should probably ever be dispositive for the post-confirmation jurisdictional question. But the trustee has also not been able to show clearly that there is true conflict among Fifth Circuit courts about whether these factors are dispositive.[2] Given that the trustee can point

---

[2] For example, when discussing whether the presence of a litigation trustee is a dispositive factor, the trustee notes that "other courts seem to stop only just short of holding . . . that post-confirmation jurisdiction is the norm when a litigation trustee is involved," he cites only one case from the bankruptcy court of the Northern District of Texas. *See* Motion to Certify at 4 ¶ 7 and 4 n. 9. The fact that there is one case that does not even directly hold what the trustee suggests it does (*i.e.*,that the presence of a litigation trustee is dispositive) is not enough to show there is

(continued...)

to no single, precise "question of law requiring resolution of conflicting decisions," the court refuses to certify the appeal to the Fifth Circuit.

III. CONCLUSION

For the reasons stated above, the trustee's motions are **DENIED**.

**SO ORDERED**.

February 11, 2013.

_____
**A. JOE FISH**
**Senior United States District Judge**

---

²(...continued)
"substantial ground for difference of opinion." As another example, when discussing the significance of post-confirmation litigation proceeds, the trustee states that one court declined to find post-confirmation jurisdiction "even though post-confirmation litigation proceeds would be paid to creditors," whereas another court "emphasized the fact that net recoveries . . . would be distributed to creditors . . . and found post-confirmation jurisdiction." *See* Motion to Certify at 3-4 ¶ 6. The fact that courts emphasize different facts in applying a standard is not enough to show conflict that rises to the level of "substantial ground for difference of opinion."